UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:21-cr-43

v.                                    HON. ROBERT J. JONKER
                                          Chief United States District Judge

JEREMY TYLER SWINK,

        Defendant.
_____/

**UNITED STATES' MOTION FOR A DOWNWARD DEPARTURE**

The United States moves for a four-level downward departure from Defendant Jeremy Tyler Swink's final advisory range of imprisonment under the United States Sentencing Guidelines, as computed by the Court, pursuant to Guidelines § 5K1.1. This motion is based upon the substantial assistance the defendant has given law enforcement in the investigation of the unlicensed money transmitting business in which he participated, which investigation revealed the commission of related crimes by his co-defendants, including but not limited to conspiracy, money laundering, and structuring.

**I.      PROCEDURAL HISTORY**

In February 2021, the defendant was charged by information with operating an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960, 2 (PageID.5–6), and three co-defendants were indicted in the related case, No. 1:21-cr-40. On March 24, 2021, the defendant pled guilty pursuant to a plea agreement that requires his cooperation in criminal investigations. A Presentence Investigation Report ("PSR") was prepared, and the parties have no objection to its scoring. The PSR calculates a total offense level of 19, a criminal history

category of I, and a Guidelines range of 30 to 37 months in prison.  The PSR recommends a probationary sentence.  (PageID.81.)

## II.     SECTION 5K1.1 AUTHORIZES A DOWNWARD DEPARTURE

Section 5K1.1 provides, in relevant part, that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."  USSG § 5K1.1 (policy statement).  Whether, and to what extent, to depart downward from the Guidelines range is within the sound discretion of the Court.  *See, e.g.*, *United States v. Organek*, 65 F.3d 60, 63 (6th Cir. 1995); *United States v. Snelling*, 961 F.2d 93, 97 (6th Cir. 1991).  Any such departure must be reasonable in light of the cooperation provided by the defendant.  *Snelling*, 961 F.2d at 97.

## III.    THE DEFENDANT'S ASSISTANCE HAS BEEN SUBSTANTIAL

The defendant proffered on July 14, 2020, during which proffer he provided information about the co-defendants and other subjects.  The defendant also testified before the grand jury on July 28.  The defendant's cooperation has helped advance the government's investigation, in part because he was a long-time volunteer at The Geek Group and had a close working relationship with two of the co-defendants.

In the government's view, the defendant's statements about the offense conduct have been materially consistent and he has taken responsibility for his role in the offense.  As of the filing of this motion, the defendant has complied with the cooperation provision of his plea agreement with the United States.

Accordingly, the government recommends, based on his substantial assistance, that the defendant receive a four-level reduction in the total offense level calculated by the PSR.

Should the Court grant this motion and approve a four-level reduction, the defendant's Guidelines range would be 18 to 24 months based on an offense level of 15 and a criminal history category of I.

### IV. CONCLUSION

The Court should depart downward in recognition of the defendant's cooperation. The ultimate determination of the appropriate sentence in this case is, of course, a matter within the discretion of the Court.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: June 29, 2021

/s/ Justin M. Presant
JUSTIN M. PRESANT
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501
(616) 456-2404
justin.presant@usdoj.gov