UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JEREMY TYLER SWINK,

       Defendant.
                               /

Case No. 1:21-cr-043

Hon. Robert J. Jonker
Chief United States District Judge

**DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT OF
MOTION FOR DOWNWARD VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)**

## Introduction

The defendant, Jeremy Tyler Swink, is scheduled for sentencing before Your Honor on July 7, 2021, at 3:00 p.m.  Mr. Swink entered a guilty plea to the Felony Information (ECF No. 3) charging him with Operating an Unlicensed Money Transmitting Business, contrary to 18 U.S.C. §§ 1960, 2.

The final Presentence Investigation Report (PSR) currently scores Mr. Swink as offense level 19 and criminal history category I.  (ECF No. 22, PSR).  The advisory guidelines are currently 30 to 37 months, with a recommendation of no incarceration.  There are no objections to the scoring of the advisory guidelines.  The defense respectfully requests that this Honorable Court consider a downward variance, and sentence Mr. Swink to a term of probation.

## Legal Discussion

Overall, as the Court is aware, the principle and basic mandate of 18 U.S.C. § 3553(a) requires this Honorable Court to impose a sentence "sufficient, but not greater than necessary" to comply with the four (4) purposes set forth in § 3553(a)(2):

> **§ 3553. Imposition of a sentence.**
>
> **(a) Factors to be considered in imposition a sentence.** – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . .

18 U.S.C. § 3553(a)(2).

In *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006), the Court held that after *United States v. Booker*, 543 U.S. 220 (2005), a judge must impose the lowest sentence that is "minimally sufficient" to meet those goals regardless if that sentence is probation, time served, a mandatory minimum sentence, the statutory maximum, or somewhere in between.

## 18 U.S.C. § 3553(a) Factors

Jeremy Tyler Swink is 29 years old.  He has no prior criminal history as a juvenile or an adult.  During the pendency of this case, Mr. Swink has been on an unsecured bond and has been in full compliance at all times.

Mr. Swink's involvement with the Geek Group was a result of him being a volunteer and then becoming a staff member.  While volunteering, in 2017, Mr. Swink began selling Bitcoin (BTC) while working at the front desk.  Mr. Swink worked without pay and joined because he believed in the mission of the organization, which was to provide educational and vocational skills for members without the necessity of a higher education.  However, over time, Mr. Swink became involved with the business, which was an unlicensed money transmitting business, while failing to comply with money transmitting business registration requirements.  This was accomplished by transmitting hundreds of thousands of dollars by means of virtual currency, including Bitcoin, without registering the Geek Group as a money transmitting business under federal law.

The defense would like to highlight, along with the fact that Mr. Swink has never been in any criminal trouble, that he currently resides in Shelby, North Carolina, with his parents. He has three siblings who have also lived crime-free lives.  While growing up, Mr. Swink did receive special education for a speech impediment and because of a lack of concentration at school, his parents were advised he should be tested for Attention-Deficit / Hyperactivity Disorder (ADHD), but his parents vetoed the idea.  Mr. Swink is currently employed, and is working towards becoming a team leader.

Mr. Swink was diagnosed with both depression and anxiety in 2010, and was prescribed Bupropion and Zoloft.  However, he has tried to manage on his own without medications and

has never participated in mental health counseling.  He spoke honestly about his history of depression and the fact that his parents have also both recently struggled with depression.  Mr. Swink admitted to using marijuana from the age of 22 to 25, however, has not used it since 2017.

Mr. Swink attended Cleveland Community College, part time, in Shelby, North Carolina, and worked toward an Associate's Degree as an electronic engineering technician.  He has not completed his degree because of financial difficulties.  He has numerous skills in repairing, networking, and building computers and has a license as a handheld operator.

Based on the above-noted analysis, the defense is respectfully requesting that this Honorable Court consider a sentence of probation and no incarceration as recommended by U.S. Probation Officer Amber Gonzalez.  Mr. Swink is employed, cooperated, has no prior record, and no purpose would be served with a period of incarceration.

## Conclusion

The defense respectfully requests that this Honorable Court vary downward and sentence Mr. Swink to probation.  Taking all the facts and circumstances into consideration, a sentence of probation and no incarceration would be a sentence that is, "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in § 3553(a).

Respectfully submitted,

SHARON A. TUREK
Federal Public Defender

Dated:  June 30, 2021

/s/ Helen C. Nieuwenhuis
HELEN C. NIEUWENHUIS
First Assistant Federal Public Defender
50 Louis, NW, Suite 300
Grand Rapids, Michigan  49503
(616) 742-7420